THYSSENKRUPP et al. 2010, 15, 25 Mr. Yanni? Yes, Your Honor. Please proceed. May it please the Court, Pierre Yanni representing the Plaintiff Appellant Invencio. I'd just like to acknowledge at the Council table my colleague Stephen Underwood in this case. What we have presented to us in this case is a district court decision essentially finding two patents invalid because two claim terms that appear in all the independent claims were found to be, first of all, patents plus function claim terms were then found to be indefinite. And there's at least three significant errors in connection with the district court's decision. The first one is that starting with the claim construction order, that there really is no mention and no articulation of the level of ordinary skill in the art. There's kind of passing mention to the legal standard as it's set forth in some of the cases. Did the parties propose? Was there any discussion about that? Was there a dispute about that? I don't think there was a dispute, no. So the issue wasn't really placed before the district court judge, right? The issue wasn't placed in the sense that we as the patentee have the presumption of validity. And to the extent that no evidence was introduced from the challenging side, there was nothing for us to essentially rebut. Well, I thought you were talking about who one skilled in the art is on that question. Did you propose, though? No. There's a presumption of validity, of course, but since you think the issue was in dispute. Or you're saying the judge didn't decide it? The judge didn't really decide it. There's just the passing mention that you interpret the claims from the perspective of one of ordinary skill. But there's nothing in the 100-page claim construction that says, first of all, what the relevant field is, what the level of skill, and then would a person of ordinary skill have found these claim terms? Have you ever seen a case of ours that requires the district court to articulate in every instance the precise level of skill? Because I certainly don't, I'm not aware of any case where we've held the court in its opinion writing to such precision. There are several cases that come to mind, primarily the Aristocrat I case and also the Atmel case where Judge Lurie. I have Aristocrat here, so tell me what in Aristocrat you think indicates that the court is required to identify precisely the level of skill. Well, I believe that the court said that, this court said that the district court must identify the level of skill before conducting the indefiniteness analysis. And they reversed and remanded. Where, so where exactly, but when district courts write opinions, we assume they take into account all the things that are in front of them. This district court didn't refuse to identify a level of skill, and he articulated quite correctly that the level of skill, that this indefiniteness is determined according to the level of skill in the art and everything. So he certainly spoke the talk. He didn't ultimately tell us what his level of skill was, but I can tell you reading hundreds and hundreds of district court opinions, very seldom do they say, and I find the level of skill to be an electrical engineer with two years of experience in the design of this. It's usually not that level of precision. I almost never see that, to be honest. But at least there's something mentioned, or there's some evidence introduced on it, especially by the challenging side. Well, I assume that the challenging side argued that to one of skill in the art, this is what the claim terms would mean. And if you didn't, and you, in contrast, said no to one of skill in the art, that's not what the claim terms would mean. And that was good. Why isn't that enough? Well, because we still don't know what is this mythical person of ordinary skill, and how would they have looked at this disclosure from that perspective? Well, they told you how they would have looked at the disclosure. That's their whole argument. But why do they have to identify with precision exactly how many years of experience that person would have, unless you're suggesting that their vantage point is incorrect because the vantage point that they're presenting is not what the level of skill ought to be. Well, it's hard to say whether it's correct or incorrect, because there really was no specific vantage point ever really used. Well, what it comes down to, I mean, you frame the argument in a way which I think you of us think sounds a little odd. But the underlying issue is that you don't believe that one skilled in the art would not have been able to construe this claim. Yes. Right. Can you just explain to me? I don't recall exactly what went down with respect to the evidence. You had a declaration and a deposition? Subsequent to the issuance of the claim construction order, the defendants moved for summary judgment. And in opposing that summary judgment motion, we submitted a declaration of Professor Cooley. But with respect to the claim construction, nobody offered any expert testimony? No. You were given an opportunity. You just didn't take advantage of it? Well, there was no specific opportunity given, and there was no specific opportunity discussed. And at the hearing, the judge heard from the attorneys, and that was it. When you say there was no opportunity given, I mean, didn't you file briefs? And couldn't you have filed an affidavit or an expert declaration in conjunction with those briefs? Well, conceivably, but again, as the— The court didn't prohibit you from doing it? No, the court didn't prohibit, no. That's true. But as the party, you know, relying on the presumption of validity, there was really no factual or no expert evidence submitted from the other side that we would have to respond to and rebut. But did you put forward a claim construction? I mean, were there two alternative claim constructions there? Yes, yes. Was there a claim construction that's indefinite? Yes. So you had an explicit claim construction? Yeah, we had fairly specific claim constructions. But no expert testimony? No. No effort to support that? Because we viewed the situation that there was really nothing being submitted on the other side that would move that presumption that we would have to respond to. And now on summary judgment, you tried to get this evidence in? Yes. And what did the judge say? Well, there was a motion to strike it by the defendants, and the judge essentially denied that as moot because he already had ruled that the claims were indefinite, and therefore they were invalid as a matter of law. So he chose not to consider substantively, although the motion to strike was denied. So he said because they were indefinite as a matter of law, was he suggesting that therefore expert testimony would not be relevant? Is that what he was saying? I don't think he comes out and says it, but I think that's what you walk away with, that I really don't need to consider this because it's an issue of law that I get to decide. Is it your view that the two contested terms connote sufficient structure? Yes. When we get down to the substance of it, the two terms are computing unit and modernizing device. And the two substantive issues, one, since the terms don't use the word means, that presumptively they're not means plus function, and that under lighting world, that's a strong presumption for the other side to overcome. And then second of all, even if it is means plus function, that there clearly was sufficient structure disclosed in the specification to identify the structure that's linked. Oh, you're relying on the specification. Well, no. On the first issue, again, this presents an issue. You think the claim terms are enough? Yes. A modernizing structure is a modernizing device is structure? It's not a modernizing device kind of in a vacuum. It's a modernizing device in the context of this technology. And if you do look at the technology and the skill and the art, modernizing devices, they're also called overlay devices, are essentially known, which kind of overlay they sit on top of existing technology. So the concept of a modernizing device or an overlay device is something that would be well known. You're saying a modernizing device as of the effective filing date of the application? Yes. Would connote a type of structure to a person of ordinary skill? As a practical matter, we're just at the preliminary phases of this adjudication. We don't know anything about the infringement portion of it. But did you perceive that there was a distinction to be drawn? Would the decision as to whether or not we call these means plus function claims or not, would that have a significant bearing on either some of the other invalidity aspects of this case or the infringement? Possibly. So you were advocating no, it's not a means plus function, and they were advocating yes. No, I understood in response to Judge Lawyer's question, you said one of skill and the art would know that a modernizing device is an overlay device. But I thought that your argument was more than that. Didn't you also argue that it's disclosed expressly in the specification? Well, that then goes to can you look to the specification to kind of identify what the structure is? Don't we always have to look to the specification, whether it's 11264 or not? I agree with that. So we always look to the specification to see if a claim term is defined or if it sheds light on the definition. Well, I guess the preliminary issue is can you look to the specification and dictionaries, for example, to determine is this a means plus function claim term or not? And how do you read our case law on that? Well, a lot of cases say when there's structure recited in the claim, then it's not means plus function. But there is a line of cases, the Welker-Bering and MIT line of cases, which look to see, OK, well, if there's some kind of, they call it, I think, an adjectival modifier. What does CATS tell us about this case? Well, I think CATS comes into play on the computing unit claim term. And CATS is kind of what was at least a difficult decision for me to digest and analyze, because I think it says different things about different terms. Not surprising. Yeah. So it depends which part of CATS. But if we want to switch to the computing unit, again, it's not a computing unit in a vacuum. It's a computer in this type of technology, which if you look to the specification and look to experts, will tell you it's a destination dispatch type of computer. Destination dispatch being this newer technology where when you first request an elevator, the system knows where you are and where you're going. If we were to agree with you that these claim terms are not 112.6, the presumption is not overcome here, what is it that you're asking us to do? Are you asking us to then also construe the terms and give the district court a clear understanding of what these terms mean? Are you asking us to reverse and hold affirmatively they're not indefinite? Or is that the kind of stuff we should send back and let the district court look at? Well, I would ask you to do what you would like to do. But clearly to reverse the holding that these are means plus function, that would then take away the definiteness part. And then either rename. Well, even, I mean, certainly structural claim terms can still be indefinite. For example, if you're incorrect, if they can establish through declaration or otherwise that one of skill in the art would not understand what the word modernizing device means, even though we think it's structure, it still can be indefinite structure. That gets us to kind of more of the ambiguity line of issues. But your view is that you'd need a do-over at least on the indefiniteness question. Yes, on the means plus function. And then related to that is the indefiniteness issue. We'll save the remainder of the time for rebuttal. Mr. Schmidt. Morning, may it please the court. There's a fundamental flaw in Ventio's argument. And that is that indefiniteness of a claim term is not a type of claim in validity. All indefiniteness is is the end point of the claim construction process. The court, after applying all the rules of construction, decides that that particular claim term cannot be construed. And therefore it's indefinite. You're saying indefiniteness is not a conclusion of claim in validity? Correct. And the way that I get there, you look puzzled, but the way that I get there is we go back to the fundamental principle that invalidity involves two steps, very different steps. The first is claim construction. And once we've construed the claim, then we determine whether or not the claim is invalid. In the claim construction step, it's a matter of law. There are no underlying fact questions. There is no burden of proof. There is no clear and convincing evidence. And this court has very clearly said that indefiniteness falls into the category of claim construction. I don't understand. Is the upshot of that that you're saying there was no presumption of validity in the analysis of indefiniteness? That's correct. That's correct. Because it is part of the validity step. We must have two steps. Because it is part of the validity step. Yes. Claim construction is the first step. It doesn't involve a consideration of validity of the claim. Once we determine whether or not the claim can or cannot be construed, then we decide whether or not the claim is valid or invalid. And what Invenio does in its argument is it mushes those two steps together and it puts some of the validity considerations into the evidence. But if it cannot be construed, it's indefiniteness. And that's a failure of 112, isn't it? It is. Which is your defense? It is invalid because it is indefinite. Tell us about the particular details of the modernizing device in the computer. All right. The modernizing device. What we know about the modernizing device is that it doesn't have any commonly understood meaning in the art. This court has said that, for example, in the personalized media case that you wrote, that device is like means. It's not a structure. So we start with that. Device isn't a structure. Modernizing, the district court specifically defined as a more or less complete exchange of components in an elevator installation. That hasn't been challenged on appeal. That doesn't suggest any structure. So it's not structure? Yes. And don't you look to the spec? And isn't the spec rife with all sorts of disclosure, which tells us what it is? Our position is that the claim, whether or not a claim recites sufficient structure, must be apparent from the claim language itself. Whether the claim recites sufficient structure, we look to just the claim language, unless there's a commonly understood meaning for the claim term, or unless we look to the specification and find out that it tells us there's a commonly understood. Can't the patentee always be his own lexicographer? Yes. Okay. So suppose the patentee uses the word blue in the claim. Blue would normally be an adjective to you and I. Yes. But suppose in the specification it expressly says blue, contrary to its normal meaning, is the word I'm going to use to define the following structure. If under your rubric we would never find that out because we would say, well, blue is not structure because we would only be allowed to look at the claim. Yes. And that doesn't make sense because we accept that the patentee can be his own lexicographer if he or she is clear, and you may think that they're not clear with regard to modernizing device here, but I don't see how that would be a good principle of law in all cases that you don't look to the spec, you only look to the claim language. If you were to follow that type of reasoning, I suggest you could never have a means plus function claim because either it's not defined in the spec and therefore the claim is indefinite, or if there is structure in the specification that you then import into the claim, you then have structure in the means plus function part of it and you would never have a means plus function claim. I go back to what you wrote, Judge Moore, in Trimed, and that is sufficient structure exists when the claim language specifies the exact structure that performs the function in question without the need to resort to other portions of the specification or extrinsic evidence for an adequate understanding of the structure. And in every case where this is talked about, it's always the claim language, the claim term that's talked about. So my suggestion is that we have to look at the claim term and we see if that suggests or connotes sufficient structure. In this case, modernizing device is devoid of any kind of definite structure. The same with computing unit. Unit is what this court has referred to as a nonce word. It doesn't have any structure. You said it's devoid of definite structure, but I don't know. Just the word device connotes some structure. It's not that there isn't any structure here. Your real issue is we don't know what the structure is. I guess I see your argument more properly framed as even if this is not a 112.6 claim term, it's still indefinite. Our position as we framed it in our brief is this is a 112.6 claim term. I understand that. I understand that's your argument. And we haven't got to the point if it's not, then is it or is it not indefinite? Our position is that it is means plus function, but there is no supporting algorithm in the specification to support that. Well, if we were to find and look at the specification, why doesn't figure three disclose the structure? It doesn't. Figure three has in it the processor, 365. I mean, it actually has the words modernizing device. I mean, that's what it's pointing at. But the key here is that that figure has in it the processor, which has to be programmed. What is missing from the particular description of the specification is the particular way that you would program that processor to make the modernizing device do the claim function. And that's what you need if it's 112.6. You need the algorithm. But if it's not 112.6, there's never been a case that says you have to have an algorithm to associate with the structure. Right? I just want to make sure I am understanding the contours of your argument. Yes. Okay. The contours of my argument are that you only look to the claim terms to see whether or not there's structure recited there, because that's what the statute says. And that's what this court has indicated, particularly in your TriMet decision. With my colleague's indulgence, I feel that I need to ask you about something else. Your motion to strike, I'd like to ask you to explain to me why it's not frivolous. Because frivolous motions are something that we take very seriously and are subject potentially to sanctions. The reason I ask is because you articulate no authority for your notion that you can always file a motion to strike whenever you don't have the last word. And that is the only articulation you give for why you're entitled to such a motion. And that would suggest there's always an opportunity for a surreply in the form of a motion to strike every time you think that a rebuttal brief mischaracterizes something. And I find that very troubling. Well, and I would, too, if that were what I had done. I thought long and hard whether to file that motion rather than just filing a motion for a surreply. The reason I did it was that I think that Inventio went beyond the bounds of fair argument by mischaracterizing in a serious way the arguments we were making, mischaracterizing the facts and mischaracterizing this court's holding in aristocrat. What precedent exists in any court in this country that a mischaracterization is a grounds for a motion to strike? I've cited some cases in the motion to strike. I didn't see that precedent supporting any. That those were, that arguments that are being made like that where there's a mischaracterization are frivolous. Certainly, I would not have filed it had I not thought it was appropriate under the circumstances. I did not, I do not file frivolous motions. And in this particular case, I felt that they had gone beyond what is fair argument, way beyond fair argument. And I don't think the court should consider those types of statements in their brief where they seriously mischaracterize what our arguments are. What about computing unit? Computing unit is of the same ilk as modernizing it. Unit is not, does not connote any particular structure. Computing by itself does not connote any particular structure. It is a function word. We talked about, one of you talked about before about the presumption that if a claim does not use the word means as a presumption that it does not means plus function. In this case, and I think what that presumption is, is it simply shifts the burden of going forward with evidence to show that there is not structure in the claim. Whether there's a presumption or not, the end of the story is we must look to the claim to see whether there's definite structure. In this case, even if we apply the presumption, we find no definite structure in the claim. So with computing unit, they used the word computing unit. No particular meaning in the art. They could have used the word computer, and then we would have had a different story, but they chose a different word. And by choosing that, they're sort of stuck with that. What would you do with the lightning world case, our 2004 Federal Circuit decision that the word computing connotes structure, i.e. a computer processor? I think that's a different situation. The term was different in that case. Here we have computing unit just by itself, defined only in terms of the function that it performs. And because it's not defined in the art in any particular way, there's no definite structure in the claim. I would also like to address this idea of the person of ordinary skill. As you recognize, Judge Proust, there was no argument in the district court. It's Judge Proust. Proust, and I'm very sorry. There was no evidence in the district court. There was no dispute about that, what the level was. Inventio asked the court to construe certain of the claim terms, and it didn't put in any evidence of the level of skill. In fact, there's no evidence that any particular level of skill would have made any difference in claim construction in this case or would have changed the district court's decision in any way. There are prior art patents. There are the backgrounds of the inventions and the two patents involved in this case, which talk about what the level of skill is. And in the evidence we put in, the prior art articles, there are biographies of the authors of those. So how would you define who is once skilled in the art? I would define, looking at all that evidence, I would say that in this case, workers in this technology, the average worker, had a degree probably in electrical engineering, an experience and knowledge in computerized elevator control systems. Inventio has proposed the definition that's found in the all-voice case of a person of ordinary skill in the art. I think that's consistent with the evidence in the case of what the level of skill was. And we have no problem for the purposes of the issues on appeal here with adopting that particular level of skill. And are you confident that that's what the district court applied? We don't know because the district court didn't say exactly what the level of skill was. But as you pointed out, Judge Moore, there's no particular requirement that the district court actually articulate that because that would necessarily be a finding of fact, and there are no findings of fact in claim construction. I don't think it's necessary for the district court to actually articulate what the level of skill is. I'd also like to address the idea of the extrinsic testimony evidence of Koopman and Freedly and whether or not that evidence could be considered in this appeal. And my position is that it cannot, and there's two reasons for that. The first reason is that it wasn't in the record before the district court during the Markman proceeding. That was a deliberate decision by Inventio not to put it in the record. That's where it belonged if they were going to use that as some basis for showing that the claims were not indefinite. The second reason is that it's not relevant to any issue on summary judgment. Once we have the indefiniteness decision for claim construction, then the claim is automatically invalid. The extrinsic evidence wouldn't have made any difference there because an indefinite claim term results in invalidity of any claim that uses that. The other issues, I believe, are adequately addressed in our brief and we'll rely on that. And we ask that this court affirm the judgment of the district court. Thank you. Thank you, Mr. Smith. Mr. Yanni has a little rebuttal time left.  I'll just say a few things that you raised earlier, which had to do with the case law that says that determination of the level of skill has to be made. And I first cite to the aristocrat one case, page 947, the word this court said, thus the district court will need to define the relevant art and the level of ordinary skill in that art. Also, the all voice case at page 1240, this court says before reviewing the bounds of the claim. I'm sorry, in aristocrats, I'm a little slower than you are and you have very little time. So what page did you say it was? I'll write it down. Aristocrat one, page 947. And then all voice, page 1240, where this court said before reviewing the bounds of the claim in light of the specification, the analysis requires attention to the level of skill assigned to a person of ordinary skill in the art. Unfortunately, the district court did not specify the proficiency of the hypothetical person of ordinary skill in the art that is essential to administering the definiteness test. That's what we have in our case here. There was also a mention that definiteness is part of validity, which is an issue of law, which really doesn't involve fact issues and there is no burden of proof and clear and convincing. And on that, I would just like to point to the very recent decision of this court in Greenidge. I believe Judge Laura, you should be familiar with. And there you said that we also declined to determine as a matter of law. The court had mentioned opinions that we write for the court. Excuse me? We write for the court. Okay, yes. The Greenidge case says definiteness under 35 U.S.C. Section 112, Paragraph 2 and enablement under Paragraph 1 are both questions of law with underlying factual determinations. I know I'm out of time, but just very quickly. Finish another thought if you have. Sure. What we would ask is that the court find these claim terms to be definite and to enter the claim construction as we submitted in our Markman briefing to the district court. Thank you, Mr. Yanni. We take them under submission.